NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ST. PATRICK HIGH SCHOOL, in its own right and on behalf of its student-athletes and their families, <br><br> Plaintiffs, <br><br> v. <br><br> NEW JERSEY INTERSCHOLASTIC ATHLETIC ASSOCIATIONS; STEVEN J. TIMKO, individually and in his capacity as Executive Director of the New Jersey Interscholastic Athletic Association; PATRICK J. RILEY, JR.; SIGNATUREINVESTIGATIVE GROUP; and JOHN DOES 1-50, fictitiously-named individuals and/or entities, all individually and in their capacities as agents of the New Jersey Interscholastic Athletic Association, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 10-cv-948 (DMC) |

**DENNIS M. CAVANAUGH, U.S.D.J.**:

This matter comes before the Court upon application for injunctive relief by St Patrick High School in its own right, and on behalf of its student athletes (collectively referred to as "Plaintiff" or "St. Patrick"). Plaintiff seeks injunctive relief enjoining Defendant New Jersey State Interscholastic Athletic Association from enforcing its decision to ban the 2009-2010 St. Patrick boys' basketball team from participating in the 2010 New Jersey State basketball tournament (the "Tournament"), and prohibiting

the Athletic Association from conducting allegedly unconstitutional investigations of member schools.[1] Private schools, such as Plaintiff, are scheduled to begin tournament play tomorrow, March 2, 2010.

For the reasons discussed below, Plaintiff's application for injunctive relief is **denied**.

## I. BACKGROUND

Plaintiff is a Catholic high school in Elizabeth, New Jersey, and serves a predominantly African-American and Latino population. The school has had an outstanding and successful basketball program for the last two decades.

The NJSIAA is a voluntary association of the boards of education of local school districts and private schools. The NJSIAA coordinates and regulates athletic programs in New Jersey and among its member schools. The management and control of the NJSIAA is intertwined with the public schools that make up the majority of its membership, and the New Jersey Commissioner of Education, who approves its charter, constitution, bylaws, rules and regulations. The NJSIAA is headed by a governing body known as the Executive Committee, which is composed of twenty-one public high school representatives, four non-public high school representatives, twelve ex officio representatives and twelve at-large representatives.

The NJSIAA barred St. Patrick from competing in this year's state basketball tournament upon determining that St. Patrick's coach, Kevin Boyle, convened and attended several open gym sessions prior to the official start of the 2009-2010 season, in violation of league rules. The investigation began

---

[1]Also named as Defendants are: Steven Timko, NJSIAA Executive Director; Patrick J. Reilly, Jr., a private investigator it retained to investigate on behalf of the NJSIAA; Signature Investigative Group, a private investigation firm; and John Does 1-50, officers, employees, members and agents of the NJSIAA who directed or participated in its allegedly unlawful activities. For the purposes of this Opinion, the Court will generally refer to all Defendants collectively as "NJSIAA" or "Defendant."

in response to the complaints of a parent that two students (his sons) had improperly transferred to St. Patrick high school to participate in athletics, in violation of Article V § 4(D) of the NJSIAA's bylaws. During the investigation, possible violations of a NJSIAA ban on out-of-season coaching were uncovered. The NJSIAA learned of Boyle's conduct through the reports of a private investigator who was hired by the association to ensure compliance with league rules. On several occasions, the private investigator entered the premises of St. Patrick High School to investigate an alleged rules violation.

Plaintiff asserts that the NJSIAA impermissibly "engage[d] private investigators to enforce its rules" and that the NJSIAA Executive Committee (the appellate body that reviews the Controversy Committee's decision) improperly upheld the Controversy Committee's "decision to disqualify Plaintiff's basketball team from the state tournament." Plaintiff alleges that the NJSIAA, through the conduct described above, violated various constitutional rights under 42 U.S.C. §§ 1983 and 1985–specifically, Plaintiff asserts: (1) a constitutional claim for denial of procedural due process, in violation of the Fourteenth Amendment, and (2) a constitutional claim for unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments.[2] To remedy these alleged violations, Plaintiff seeks injunctive relief enjoining the NJSIAA decision to ban St. Patrick High School from participating in this year's basketball tournament, and prohibiting it from conducting allegedly unconstitutional investigations of member schools in the future.

---

[2] Plaintiff asserts a constitutional claim pursuant to § 1983 for infringing upon the free exercise of religion by conducting unreasonable searches and seizures at a parochial school, in violation of the First and Fourteenth Amendments. This claim is treated herein as part of the Fourth Amendment claim, as the conduct complained of is the allegedly unlawful search. Plaintiff also asserts a claim under § 1985, for conspiracy to violate its constitutional rights. However, its memorandum of law is devoted to the under lying constitutional due process/fourth Amendment claims, and the Court will, therefore, address only these claims. Plaintiff asserts a number of state law claims that are inapplicable to Plaintiff's application for injunctive relief.

## II.  APPLICABLE LAW

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances."  Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted).

To determine whether temporary restraints or a preliminary injunction is appropriate, a court must consider (1) the likelihood of success on the merits of the underlying claim; (2) whether the movant will be irreparably injured if such relief is not granted; (3) the possibility of harm to other interested persons from the grant or denial of the injunction; and (4) whether the public interest will be served by the preliminary relief.  See Opticians Ass'n of Am. v. Ind. Opticians of Am., 920 F.2d 187, 191-92 (3d Cir. 1990).  The Court should issue injunctive relief "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief."  AT&T Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994) (citation omitted); see The Nutrasweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999).

## III.  DISCUSSION

Plaintiff alleges that the NJSIAA violated the constitutional rights of the St. Patrick high school and the members of its basketball team.  Plaintiff asserts **(A)** a constitutional claim for denial of procedural due process, in violation of the Fourteenth Amendment, and **(B)** a constitutional claim for unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments.  The Court will consider each claim in turn.

**A.**   **PROCEDURAL DUE PROCESS CLAIM**

Plaintiff asserts a constitutional claim pursuant to § 1983 for denial of procedural due process, in violation of the Fourteenth Amendment.

A claim under § 1983 for deprivation of procedural due process rights requires a plaintiff to establish that a state actor " deprived [him or her] of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and [] the procedures available to him did not provide due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 233-35 (3d Cir. Pa. 2006). Neither party disputes that the NJSIAA is a state actor under these circumstances.

1. Likelihood of Success on the Merits

Plaintiff asserts that Defendant violated its due process rights, as Plaintiff and its student-athletes (1) had a property interest "in not being deprived of the most critical benefit of membership in the NJSIAA–participation in the State Tournament," and (2) the process depriving it of that interest was inadequate because the NJSIAA failed to comply with "the clearly-established procedures for such discipline." Accordingly, then, Plaintiff contends that it was deprived of its protected property interest without the requisite due process of law. For the reasons stated below, the Court cannot find that Plaintiff is likely to prevail on its due process claim.

Plaintiff argues that a property interest arises here, because upon joining NJSIAA "St. Patrick, like any other member school, has a legitimate expectation that, if it qualifies for tournament play, it will be permitted to participate." Pl. Brief at 28; see Stana v. School Dist., 775 F.2d 122, 126 (3d Cir. Pa. 1985) (quoting Perry v. Sindermann, 408 U.S. 593, 601-03 (1972) (finding that a property interest "can also arise from written or unwritten state or local government policies or from . . . mutually explicit understandings . . . between a government employer and employee.").[3] The Court, however, need not

---

[3] With respect to establishing a property interest, neither party contends that such an interest is established by state or federal law. See, e.g., Angstadt v. Midd-West Sch. Dist., 377 F.3d 338 (3d Cir. Pa. 2004) ("[N]o property interest exists in participation in extracurricular activities, including sports, as a general principle, under the United States Constitution."); Burnside v. N.J.S.J.A., A-625-84T7, November 15, 1984 (unpublished opinion) (rejecting

address this question because even assuming Plaintiff has a property interest in playing in the tournament, the procedures available to St. Patrick were adequate to ensure due process.

There are two basic due process requirements: notice, and an opportunity to be heard. See e.g., Goss v. Lopez, 419 U.S. 565, 575 (1975). It is not disputed that Plaintiff received notice of the hearing. The dispute, here, is whether the hearing/appeals process afforded to Plaintiff was constitutionally adequate. To meet the requirements of due process, a "hearing, whether formal, informal, live or not, must be meaningful and must provide the accused with the opportunity to "respond, explain, and defend." Gorman, 837 F.2d at 13.

Plaintiff asserts that the NJSIAA failed to follow established procedures during the hearing process prior to banning St. Patrick from the state basketball tournament. There are two stages in the NJSIAA hearing process–a hearing before the Controversies Committee and the Executive Committee appeal. The initial hearing before the Controversies Committee provides for testimony under oath, cross-examination and representation by counsel, fully recorded proceedings and a written decision. After a hearing is conducted and a decision is rendered by the Controversies Committee, an aggrieved party may appeal to the Executive Committee. It is this appellate process that Plaintiff asserts was insufficient to satisfy the dictates of its right to due process. Specifically, Plaintiff asserts that the hearing/appeals process was inadequate as a result of (1) the timing of the appeal process, and (2) the admission of improper evidence at the hearing.[4] This Court disagrees.

---

students' and parents' challenge to a rule promulgated by the New Jersey State Interscholastic Athletic Association, as students have no constitutional right to participate in interscholastic sports and "[e]ligibility requirements are within the control of the NJSIAA subject to the review and approval of the Commissioner of Education.").

[4] Plaintiff also asserts that the NJSIAA improperly collected evidence to be used at the Controversy Committee hearing in violation of Associations rules, and thus in violation of

First, Plaintiff was not deprived of a fair hearing simply because of the accelerated timing of the appeals process. Here, the Controversies Committee rendered its decision in this matter on January 27, 2010. The NJSIAA initially designated February 3, 2010 (one week later), as the date for St. Patrick to appeal the decision. The appeal was accelerated so the Executive Committee could render a final decision prior to seeding the state tournament, and February 3rd was the last scheduled meeting of the Executive Committee prior to the tournament. In any case, the Executive Committee postponed the hearing until February 10, 2010, and asked that Plaintiff submit its written presentation on February 8th. Plaintiff asserts that this time-line failed to provide the Executive Committee with sufficient time to consider the submission as, typically, submissions are presented to the Committee at least ten days prior to the meeting at which the appeal will be heard. See Pl. Br., Ex. A, Bylaws, Art. XIII, § 5. This Court cannot agree, as "the timing and nature of the required hearing 'will depend on appropriate accommodation of the competing interests involved.'" Logan v. Zimmerman Brush Co., 455 U.S. 422,

---

Plaintiff's due process right. This argument was further developed at oral argument. Plaintiff asserts that the NJSIAA bylaws provide that compliance with Association rules is voluntary, and thus the hiring of a private investigator breached this bylaw. The Court, however, cannot agree that the hiring of a private investigator violated NJSIAA's bylaws in violation of Plaintiff's due process rights for two reasons.

First, the Executive Committee, upon notice to all member schools, indicated that it would hire an investigator to inquire into potential rule violations. It appears that all member schools were apprised of this development in 2007. On November 15, 2007 Mr. Timko circulated a NJSIAA committee report, which specifically recommended "[t]he employment, by the NJSIAA, of a specially trained investigator(s) who would investigate alleged recruitment and transfer violations." This recommendation was adopted, and all member schools were provided notice of the adoption. Second, it is not uncommon for a party complaining of a rules violation to make its own inquiry into a potential violation prior to referring the alleged violation to NJSIAA officials. For these two reasons, compliance with NJSIAA rules cannot be considered entirely "voluntary." Accordingly, the hiring of a private investigator did not contravene the "voluntary compliance" provision of the NJSIAA bylaws in violation of Plaintiff's due process rights.

434 (1982) (quoting Goss, 419 U.S. at 579). Although the appeals process was accelerated, this Court finds that Plaintiff had sufficient time to prepare its appeal, and the Executive Committee had sufficient time to consider the submissions and the record of the Controversy Committee. The basketball tournament was impending (scheduled to begin on March 1st), and the NJSIAA made efforts to permit Plaintiff to be heard without upsetting the timing of a state-wide tournament involving many schools.

Second, Plaintiff asserts that the NJSIAA improperly permitted evidence to be considered at the hearing, even though such evidence would not be admissible in court. This fact alone cannot render the NJSIAA's process inadequate. Indeed, "Courts have generally been unanimous . . . in concluding that" for a hearing to provide due process, "neither rules of evidence nor rules of civil or criminal procedure need be applied, and witnesses need not be placed under oath." Flaim v. Med. College of Ohio, 418 F.3d 629, 636 (6th Cir. 2005) (internal citations omitted); Nash v. Auburn Univ., 812 F.2d 655 (11th Cir. 1987) ("[S]tudent disciplinary hearings follow flexible rules and need not conform to formal rules of evidence."); Henson v. Honor Comm. of Univ. of Va., 719 F.2d 69, 73 (4th Cir. 1983); Boykins v. Fairfield Board of Education, 492 F.2d 697, 701 (5th Cir. 1974), cert. denied, 420 U.S. 962 (1975) (same). Moreover, the Court notes that Plaintiff has admitted to violations of the out-of-season coaching rules. Therefore, even if there was a significant question regarding the admissibility of evidence obtained by NJSIAA's private investigator, it would not be dispositive on the outcome of this case. In any event, the Court finds that the hearings/procedures provided by the NJSIAA were sufficient to provide due process to St Patrick high school and its student-athletes.

As the Supreme Court has explained, the due process hearing requirements are determined by the interests at stake. Undoubtedly, the state basketball tournament is significant to St. Patrick and its student-athletes. Nonetheless, Courts have consistently held that participation in interscholastic athletics

is not a constitutionally protected right, and the Court is mindful of this when assessing whether the process here was sufficient to satisfy the requirements of due process. This Court cannot find that the hearing/appeals procedure afforded to the Plaintiff was inadequate.[5]

The Court finds that Plaintiff is unlikely to prevail on the merits of its due process claim, and therefore, injunctive relief is inappropriate.

2. Immediate, Irreparable Injury

Plaintiff's application for injunctive relief must fail as Plaintiff cannot demonstrate a likelihood of success on the merits. This Court further notes that Plaintiff is unable to satisfy the second requirement for obtaining injunctive relief–demonstrating immediate, irreparable harm. Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 205 (3d Cir. 1990) (internal citations omitted).

Several courts in this Circuit, as well as "other federal courts, have . . . held that ineligibility for participation in interscholastic athletic competitions alone does not constitute irreparable harm." Dziewa v. Pa. Interscholastic Ath. Ass'n, 2009 U.S. Dist. LEXIS 3062, at *17-18 (E.D. Pa. Jan. 16, 2009); Sharon City Sch. Dist. v. Pa. Interscholastic Ath. Ass'n, 2009 U.S. Dist. LEXIS 13037, at *4-8 (W.D. Pa. 2009) (collecting cases; stating that "[b]ecause Plaintiffs failed to identify any irreparable harm, I need not hold a hearing prior to issuing an order denying injunctive relief"); Cruz v. P.I.A.A., 2000 U.S. Dist. LEXIS 17521, at *2 (E.D. Pa. Nov. 15, 2000) (denying a request for preliminary injunctive relief because "[n]ot being able to play on game day is certainly a disappointment but does not in my judgment constitute the type of harm warranting the extraordinary remedy of injunctive relief."). Although not all courts are in

---

[5] This Court also considered whether the method of evidence collection (i.e., hiring a private investigator) without a formal change to the Association's bylaws violated Plaintiff's due process rights. See note 4, supra and accompanying text. As discussed above, it has been determined that no due process violation was committed by the NJSIAA.

accord on this point, see, e.g., Biediger v. Quinnipiac Univ., 616 F. Supp. 2d 277, 291-93 (D. Conn. 2009); James P. v. Lemahieu, 84 F. Supp. 2d 1113, 1122 (D. Haw. 2000), this Court finds that, under the circumstances here, Plaintiff cannot show irreparable harm.

Plaintiff argues that the players are being denied an "irreplaceable opportunity: the chance to participate in the 2010 New Jersey state high school basketball tournament as part of a team that is ranked number one in the state and in the top ten in the nation" and the opportunity "to compete on a huge stage before an audience that will include many college coaches, scouts and recruiters; as a consequence, they will miss an irreplaceable opportunity to gain college scholarships." Pl. Br., at 44. Although this Court recognizes the significance of these opportunities, they do not rise to the type of harm injunctive relief is intended to remedy. See Dziewa, 2009 U.S. Dist. LEXIS 3062 (finding potential college admissions and scholarship opportunities "are speculative, and not the kind of harm that preliminary injunctions were fashioned to address."); Sharon City, 2009 U.S. Dist. LEXIS 13037, at *4-8 (collecting cases). Moreover, this Court notes that Plaintiff's basketball team has had the opportunity to participate in a full regular season, a county tournament, out-of-state play on a number of occasions, and in any other non-NJSIAA events. In light of these considerations, this Court cannot find that Plaintiff is facing irreparable harm.

Plaintiff has not established a threat of irreparable harm justifying injunctive relief.

\* \* \* \* \*

Plaintiff has not demonstrated that it is (1) likely to prevail on its deprivation of due process claim, and (2) that participating in the state basketball tournament constitutes irreparable harm. For these reasons, the Court must deny Plaintiff's application for injunctive relief.

**B.     FOURTH AMENDMENT CLAIM**[6]

Plaintiff also asserts a constitutional claim pursuant to § 1983 alleging an unreasonable search and seizure, in violation of the Fourth and Fourteenth Amendments. Namely, Plaintiff asserts that the NJSIAA, through its private investigator, and without the consent of St. Patrick or its student athletes, conducted an unconstitutional search and seizure of the students in violation of the Fourth/Fourteenth Amendments. This Court does not agree.

The Fourth Amendment to the United States Constitution provides that the Federal Government shall not violate "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." The Fourteenth Amendment extends this constitutional guarantee to searches and seizures by state officers, Elkins v. United States, 364 U.S. 206, 213 (1960), including public school officials.[7] New Jersey v. T. L. O., 469 U.S. 325, 336-337 (1985).

Plaintiff argues that an unlawful "seizure" can encompass the search/seizure of both tangible and intangible items, including images and sounds of a person's property and of the person himself. See Caldarolo v. County of Westchester, 343 F.3d 570, 574-75 (2d Cir. 2003); Doe v. Dearborn Pub. Schs, 2008 U.S. Dist. LEXIS 25514, at *15-16 (E.D. Mich. Mar. 31, 2008). Next, Plaintiff asserts that "private school and its students [or more importantly, the students' parents] had a reasonable expectation of privacy in and within the school's premises." Pl. Br. at 38 (citing Doe v. Heck, 327 F.3d 492, 510-13

---

[6] Plaintiff asserts it First/Fourth Amendment claims together, relying on Doe v. Heck, 327 F.3d 492, 510-13 (7th Cir. Wis. 2003). In Heck the Court explained that where "the government conducts a warrantless search of a religious school, or seizes a child on the premises of such a school without a warrant, these actions implicate the constitutional rights of the school, child, and parents under the Free Exercise Clause of the First Amendment. Id. at 512-13.

[7] For the purposes of this Opinion the Court will treat the private investigator hired by the NJSIAA as a school official.

(7th Cir. Wis. 2003)); see Word of Faith Fellowship, Inc. v. Rutherford County Dep't of Soc. Servs., 329 F. Supp. 2d 675, 687 (W.D.N.C. 2004) ("[S]tudents in private schools and their parents may reasonably expect privacy within the school"). This Court agrees with both of these propositions. Nonetheless, these cases do not compel the results Plaintiff urges.

As this Court has explained, in determining whether a search or seizure is violative requires a balancing of two key considerations: an individual's legitimate expectations of privacy and personal security, and the government's need for effective methods to deal with breaches of public order. Falter v. Veterans Admin., 632 F. Supp. 196, 212 (D.N.J. 1986) (quoting New Jersey v. T.L.O., 469 U.S. 325, 337 (1985) (quotation marks and citation omitted)).

In weighing the balance here, I am satisfied that the NJSIAA did not violate the right of St. Patrick students to be free from unreasonable searches and seizures.

The allegedly unlawful search occurred at Plaintiff's "open gym" sessions–events that were designed to give St. Patrick players and others an opportunity to perform in front of college basketball coaches in the hope of winning scholarships. This fact is critical, as there can be no expectation of privacy in what is exposed to the public. See California v. Greenwood, 486 U.S. 35, 39-40 (1988); California v. Ciraolo, 476 U.S. 207, 213-14 (1986); Katz v. United States, 389 U.S. 347, 351 (1967). The fact that an event takes place on private property does not alone give rise to a privacy interest. As the Supreme Court has explained, "[t]he Fourth Amendment protects legitimate expectations of privacy rather than simply places." Illinois v. Andreas, 463 U.S. 765, 771 (1983).[8] This is not a case where

---

[8] Moreover, as a general matter, with respect to public schools, the Supreme Court has noted that "legitimate privacy expectations are even less with regard to student athletes . . . [because b]y choosing to 'go out for the team,' they voluntarily subject themselves to a degree of regulation even higher than that imposed on students generally." Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 657 (1995). Although Plaintiff stresses that St. Patrick high school is a

students were interviewed, had their personal property and/or lockers searched, or were required to submit to some type of invasive test. Here, the team held an "open gym" session with the stated purpose of gaining exposure and showcasing the students' talents. In fact, it was represented to this Court that potentially hundreds of individuals came in and out of the school gym. Further, the school principal indicated that the gym was open to non-school organizations for various purposes. These facts are critical, as they demonstrate that St. Patrick's student athletes did not have a privacy interest in the gym sessions. Accordingly, Defendant's viewing/recording of such events cannot be considered a violation of the Fourth Amendment rights of St. Patrick's student athletes.

Plaintiff has not demonstrated a likelihood of success on its Fourth Amendment claims, and injunctive relief is unwarranted.

## IV.  **CONCLUSION**

This Court has had the benefit of the written and oral submissions of the parties in considering whether Plaintiff's requested relief is appropriate. It must be emphasized that the propriety of the sanction imposed on St. Patrick's by the NJSIAA has not been considered anew, as that is not within the province of this Court. This Court's role is to determine whether the NJSIAA's conduct rises to the level of Constitutional violations–specifically, whether Plaintiff's due process and/or Fourth Amendment rights

---

private one, it is a member of the NJSIAA, and both parties acknowledge that the organization is a state actor. As all NJSIAA members adopt basic rules, it is not clear that the Court should treat a member organization's sporting events as an entirely "private," as urged by Plaintiff.

were violated.  This Court finds that they were not, and Plaintiff's application for injunctive relief is, accordingly, **denied**.

S/   Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:		March   1  , 2010
Original:	Clerk's Office
cc:		All Counsel of Record
		The Honorable Mark Falk, U.S.M.J.
		File